09-2698-ag
Ma v. Holder

BIA
Abrams, IJ
A094 800 782

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

MING LI MA,
> *Petitioner*,

v.                                                09-2698-ag

                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Blair T. O'Connor,
                         Assistant Director, John C.
                         Cunningham, Senior Litigation
                         Counsel, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Li Ma, a native and citizen of China, seeks review of the June 3, 2009 order of the BIA affirming the August 3, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Li Ma*, No. A094 800 782 (B.I.A. June 3, 2009), *aff'g* No. A094 800 782 (Immig. Ct. N.Y. City Aug. 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, s*ee Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), and apply the "substantial evidence" standard of review, under which we uphold the agency's factual findings so long as they are supported by "reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA reasonably concluded that, even assuming Ma's actions ensuring that his children were born in separate

2

hospitals and hiding with his wife constituted "other resistance" to the Chinese family planning policy, *see Shi Liang Lin v. Gonzales*, 494 F.3d 296, 301 (2d Cir. 2007), he failed to demonstrate that the alleged persecution he endured, (*i.e.*, a 20,000 RMB fine) was on account of those actions, rather than simply because of the family's violation of the one-child policy. *See id*. at 312-13. In his brief, Ma asserts that his actions allowed his wife to give birth to three children, which, in turn, caused the couple to violate the policy and be fined. However, the BIA reasonably declined to find that Ma was persecuted on account of his efforts to evade detection, rather than on account of the violation itself, because he offered no evidence demonstrating that family planning officials were even aware of those actions, let alone that he was fined because of them. *See id.*

Because the BIA reasonably found that Ma did not establish past persecution, it properly denied his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

3

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk